# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FLINNER,<br>CDCR # V-30064<br><br>                              Plaintiff,<br><br>vs.<br><br>R. GEORGE, et al.,<br><br>                              Defendant. | Civil No.  12cv0220 LAB (POR)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; and**<br><br>**(2) DISMISSING ACTION FOR FAILING TO STATE A CLAIM, AS FRIVOLOUS AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at San Quentin State Prison located in San Quentin, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

I.   **MOTION TO PROCEED IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28

1  U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is
2  granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493
3  F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).
4  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in
5  installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28
6  U.S.C. § 1915(b)(1) & (2).

7  The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C.
8  § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to
9  28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that
10 he has insufficient funds from which to pay an initial partial filing fee.

11 Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and
12 assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further
13 orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR")
14 to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them
15 to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C.
16 § 1915(b)(1).

17 **II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

18 The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also
19 obligate the Court to review complaints filed by all persons proceeding IFP and by those, like
20 Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or
21 adjudicated delinquent for, violations of criminal law or the terms or conditions of parole,
22 probation, pretrial release, or diversionary program," "as soon as practicable after docketing."
23 *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua
24 sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof,
25 which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who
26 are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-
27 27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir.
28 2000) (§ 1915A).

1    Plaintiff's Complaint alleges that there is a vast conspiracy between the Justices of the
2 California Supreme Court, Justices from the Ninth Circuit Court of Appeals, the California State
3 Bar Association, and the Attorney General for the State of California to deprive him of his
4 constitutional rights. Specifically, Plaintiff alleges that there was a conspiracy to find him guilty
5 of several crimes which lead to his death sentence. These claims amount to an attack on the
6 constitutional validity of an underlying state criminal proceeding, and as such, may not be
7 maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that conviction has
8 already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*,
9 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully
10 exhausted available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512
11 U.S. at 489).

12    "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to
13 remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en
14 banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge
15 the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The
16 prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78
17 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent
18 prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target
19 of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that
20 action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*,
21 544 U.S. at 82.

22    In this case, Plaintiff's claims that his constitutional rights were violated during his
23 criminal trial "necessarily imply the invalidity" of his criminal proceedings and continuing
24 incarceration. *Heck*, 512 U.S. at 487. In creating the favorable termination rule in *Heck*, the
25 Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles
26 for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486
27 (emphasis added). This is precisely what Plaintiff attempts to accomplish here. Therefore, to
28 satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the

1  conviction and/or sentence which forms the basis of his § 1983 Complaint has already been:
2  (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state
3  tribunal authorized to make such a determination; or (4) called into question by the grant of a
4  writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added).

5  Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Thus, because Plaintiff
6  seeks damages for allegedly unconstitutional criminal proceedings in his criminal case and
7  appeals, and because he has not shown that his conviction has been invalidated, either by way
8  of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim for damages
9  cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed
10 without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding
11 that an action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice
12 so that the plaintiff may reassert his § 1983 claims if he ever succeeds in invalidating the
13 underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir.
14 1997).

15 Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims
16 are based has already been terminated in his favor, his Complaint would still be subject to
17 dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary
18 damages against the California Attorney General, State Court Judges and Federal Court Judges.
19 Criminal prosecutors are absolutely immune from civil damages suits premised upon acts
20 committed within the scope of their official duties which are "intimately associated with the
21 judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also*
22 *Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93
23 (1991). A prosecutor is immune even when the prosecutor's malicious or dishonest action
24 deprived the defendant of his or her liberty. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
25 1986).

26 All the Judicial Defendants also absolutely immune from money damages arising from
27 alleged constitutional violations during Plaintiff's criminal trial and appeals. "Judges and those
28 performing judge-like functions are absolutely immune from damage liability for acts performed

in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Therefore, all of the Judicial Defendants have absolute immunity from civil proceedings relating to these actions, which were performed within their judicial discretion.

In addition, the Court finds that Plaintiff has made these claims before in a prior action. Thus, plaintiff's instant Complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(1) because it appears to be duplicative of a case Plaintiff has already litigated. Plaintiff's Complaint contains identical claims that are found in *Shove, et al. v. United States District Court Judges, et al.*, D.C. Civil Case No. 1:09-cv-2316 UNA. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff has already litigated the same claims presented in the instant action in *Shove, et al. v. United States District Court Judges, et al.*, D.C. Civil Case No. 1:09-cv-2316 UNA, the Court hereby **DISMISSES** Civil Case No. 12cv0220 LAB (POR) pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

For all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted, as frivolous and for seeking monetary damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**III. CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

/ / /

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). **ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.**

3. The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. The case is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted, as frivolous and for seeking money damages against immune Defendants. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b). In addition, the Court finds further amendment would be futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

5. **IT IS FURTHER CERTIFIED** that an IFP appeal from this final order of dismissal would not appear to be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

1
2    The Clerk of the Court shall close the file.
3    DATED: March 1, 2012
4
5    *[signature]*
     **HONORABLE LARRY ALAN BURNS**
     United States District Judge
6
7
8
...
28